802 So.2d 798 (2001)
Amanda BEYER, et al.,
v.
ACME TRUCK LINE, INC. et al.
No. 01-CA-631.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 2001.
*799 Gladstone N. Jones, III, Peter N. Freiberg, Smith, Jones & Fawer, New Orleans, LA, Attorneys for Plaintiffs/Appellants (Amanda Beyer, et al).
Howard E. Sinor, Jr., Tina C. Santopadre, Gordon, Arata, McCollam, Duplantis & Eagan, New Orleans, LA, John W. Robinson, John W. Robinson, A Professional Law Corporation, Gretna, LA, Attorneys for Appellee/Defendant (Acme Truck Line, Inc.).
S. Daniel Meeks, John B. Esnard, III, Reich, Meeks & Treadway, Metairie, LA, Attorneys for Appellee/Defendant (Venture Transport, Inc. and ASCO Group Company).
Alfred S. Lippman, Dale P. Martin, David M. Thorguson, Lippman, Mahfouz & Martin, Morgan City, LA, Attorneys for Appellee/Defendant (Ace Transportation, Inc.).
Panel composed of Judges SOL GOTHARD, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SOL GOTHARD, Judge.
The plaintiffs appeal from the trial court's decision granting defendants' peremptory exception of preemption dismissing plaintiffs' suit with prejudice. For the following reasons, we affirm the decision of the trial court.
Plaintiffs instituted this suit by the filing of a class action petition against three defendants: Acme Truck Line, Inc.; Venture Transport, Inc., an ASCO Group Company; and Ace Transportation, Inc. In their petition, plaintiffs allege that they are independent owners-operators of trucks, who provide trucking services to oil and oilfield service companies. Defendants are trucking companies licensed by the United States Department of Transportation to provide motor carrier services throughout the United States. In their petition, plaintiffs allege that defendants have entered into contracts with oil companies and with each other which effectively "establish and fix prices that are charged for trucking and hauling oilfield equipment and supplies for the Oil Companies" and that as a "direct and consequential result of the agreements ... the independent truckers are unable to sell their *800 services at a competitive market price." Plaintiffs assert seven separate causes of action: 1) unfair discrimination in business activities in violation of La. R.S. 51:350, et seq; 2) violation of antitrust laws, R.S. 51:121, et seq; 3) unfair trade practices in violation of R.S. 51:1405, et seq; 4) a claim for abuse of rights; 5) a claim for intentional interference with business relationships; 6) a claim for unjust enrichment; and, 7) a claim for fraud.
Defendants collectively filed peremptory and dilatory exceptions of no cause of action, no right of action, prescription and vagueness, and ambiguity, attacking each of the plaintiffs' causes of action. Subsequently, defendants collectively filed a supplemental peremptory exception of no cause of action based on federal preemption. After a hearing, the district court maintained the exception of preemption, finding that this state court suit was preempted by federal law. The court declined to consider the other exceptions, finding them moot in light of its decision.
In this appeal, plaintiffs argue that the causes of action raised in their petition are not preempted by federal law as they are not sufficiently "related to a price, route or service."
The Federal Aviation Authorization Administration Act (FAAAA) preempts state law relating to the services of interstate carriers. 49 U.S.C. §§ 14501(c) and 41713(b)[1] The provisions of the FAAAA are modeled on the language found in the Airline Deregulation Act of 1978, and the preemption clauses of these statutes are interpreted broadly and expansively. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). 49 U.S.C. § 14501(c) provides in pertinent part that:
(1) Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarded with respect to the transportation of property.
Sections 14501(c)(1) and 41713(b)(4), as express preemption statutes, preempt the application of all state laws related to prices, routes and services, and not merely those that conflict with federal laws. Western Parcel Express v. United Parcel Serv. of Am. Inc., 1996 U.S. Dist. LEXIS 18138, No. C-96-1526-CAL, 1996 WL 756858 (N.D.Cal.12/3/96). Furthermore, preemption applies against any tort action "where the subject matter of the action is related to the carrier's prices, routes, or services." Deerskin Trading Post, Inc. v. United Parcel Serv. Of Am. Inc., 972 F.Supp. 665, (N.D.Ga.1997).
*801 In this case, the issue before us is whether plaintiffs' causes of action relate to the "price, route or service" provided by the independent truckers. Other courts have addressed this issue and have determined that these types of claims are preempted by the FAAAA. See, Deerskin Trading Post, Inc., supra (claims for breach of contract, statutory fraud, common law fraud, negligence, gross negligence, unjust enrichment and imposition of constructive trust preempted); Western Parcel Express, supra (claims for relief under California Unfair Trade Practices Act and for tortious interference with business relations preempted); Vieira v. United Parcel Service, Inc., 1996 WL 478686, 1996 U.S. Dist. LEXIS 11223 (N.D.Cal.8/5/96) (negligence, conversion and breach of contract claims preempted); In re St. Johnsbury Trucking Co., 199 B.R. 84 (S.D.N.Y.1996), (interstate undercharge claims preempted); Rockwell v. United Parcel Service, Inc., 1999 WL 33100089, 1999 U.S. Dist. LEXIS 22036 (D.Vt.7/6/99) (personal injury and wrongful death preempted); Rowe v. United Parcel Serv. Inc., 1996 U.S. Dist. LEXIS 11266 (D.Nev.7/31/96) (intentional infliction of emotional distress, negligent infliction of emotional distress and defamation preempted).
We find that plaintiffs' causes of action as stated in their petition for relief are preempted by 49 U.S.C. § 14501(c)(1), which precludes the application of state laws relating to the "price, route or service" of common carriers, such as plaintiffs (independent truckers). Accordingly, we affirm the trial court's judgment dismissing plaintiffs' suit with prejudice.
AFFIRMED.
NOTES
[1] 49 U.S.C. § 41713(b)(1) provides:

Except as otherwise provided in this subsection, a State, political subdivision of a State or political authority of at least 2 States may not enhance or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.
49 U.S.C. § 41713(b)(4)(A) provides:
Except as provided in subparagraph (B), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier or carrier affiliated with a direct air carrier through common controlling ownership when such carrier is transporting property by aircraft or by motor vehicle (whether or not such property has had or will have a prior to or subsequent air movement).